*In the Matter of the Estate of* JOHN E. HOLMGREN,
*Deceased.*

MATILDA HOLMGREN *et al., Appellants,* v. SELMA
NORBERG *et al., Respondents.*[1]

*John A. Djerf* and *Hartman & Hartman,* for appellants.

*Evert Arnold* and *Allen & Wilkins* (*Edgar R. Rombauer,* of counsel), for respondents.

MAIN, J.—This is an appeal from an order entered in a probate proceeding.

John E. Holmgren died February 25, 1933, leaving a nonintervention will by which he disposed of his

[1]Reported in 63 P. (2d) 504.

estate. In the will, he named Selma Norberg and Charles Z. Frey as executrix and executor, respectively. They employed as their attorneys Evert Arnold and Jay C. Allen. The estate was appraised at $26,592.07, and, after an order of solvency and non-intervention was entered, the estate was administered without the intervention of the court.

The beneficiaries named in the will are two sisters, a nephew, and three nieces, all of whom reside in Sweden, with the exception of one of the nieces who resides in the state of California. The estate consisted of cash, notes, various varieties of stock, a mine or two in Alaska, and indefinite interests in mining properties in British Columbia, together with personal effects.

The deceased was a man of unsystematic business methods. He kept no books of account or records of any kind. When he died, he left a suitcase and a trunk of correspondence and papers, and at that time was reputed to be worth from $150,000 to $200,000. The executrix and the executor proceeded with the administration of the estate, assisted by the attorneys, and to find and assemble the assets and dispose of them required a great deal of time and labor. There was, in addition, one item of important litigation. The realized value of the estate was approximately $49,000.

August 22, 1935, the administration having been completed, the estate distributed, and the debts paid, the executrix and the executor filed a petition in accordance with Rem. Rev. Stat., § 1462 [P. C. § 9967], which covers the matter of the settlement of estates without court intervention. In this statute, it is provided that, when the estate is ready to be closed, the court, upon application, shall have authority, and it shall be its duty, to cause to be entered a decree finding and adjudging that all debts had been paid, finding and

adjudging also the heirs, and distributing the property to the persons entitled to the same.

In the course of the administration of the estate, the executrix and the executor had allowed themselves for the services rendered the sum of five thousand dollars, and had paid their attorneys for services rendered the sum of seven thousand dollars. After the petition mentioned was filed, the beneficiaries under the will, who are the appellants here, filed objections thereto, and also petitioned that the court take over and continue the administration of the estate. After a hearing, the court overruled the objections, denied the request for further administration, and sustained the allowances made to the executrix and the executor and their attorneys. It is from this order that the appeal is prosecuted.

With reference to the further administration of the estate, little need be said, because the record presents no facts which call for such a proceeding. The question here of primary importance is the amount of the fees allowed, as mentioned, and especially the fees allowed to the attorneys. If the attorneys' fee is sustained, it would naturally follow that the executrix and the executor had not made an unreasonable allowance to themselves.

The question is not, in the first instance, the reasonableness of the fee, as the question is presented when there is an administration of an estate under the direction of the court, but whether the executrix and the executor have faithfully discharged their trust. In the section of the statute above mentioned, it is provided that, if the person named in the will shall fail to execute the "trust faithfully" and take care and promote the interests of all the parties, then, upon petition of a creditor or heirs, it shall be the duty of the court to cite such person having management of

the estate to appear, and if, upon hearing, it appears that the trust has not been "faithfully discharged," then "in the discretion of the court" administration may be had as is now required in the administration of estates.

The inquiry then must be directed as to whether the fees allowed to the attorneys are so large as to show that the executrix and the executor had not discharged the trust imposed upon them faithfully. In determining the amount of the attorneys' fee, there is no fixed standard, other than what is fair and reasonable for the services rendered. In determining this question, of necessity, every case must stand upon its own footing. *In re Fetterman's Estate,* 183 Wash. 410, 48 P. (2d) 638. In determining what is reasonable, it is proper to consider the time and labor required, the novelty and difficulty of the questions involved, the skill required to properly handle the matter, and the amount involved. *Shufeldt v. Hughes,* 55 Wash. 246, 104 Pac. 253. Upon the hearing in this case, the attorneys testified in detail as to the amount of work that they had done for the estate over a period of more than two years while it was in the process of administration. To set out this testimony in detail, or even to epitomize it, would greatly extend this opinion and be of no practical benefit.

Upon the hearing, there were called in support of the allowance made by the executrix and the executor three or four attorneys of good standing, who had long been engaged in the active practice of the law, and these testified that the fee of seven thousand dollars was fair and reasonable. On the other hand, the appellants called three or four attorneys of good standing, who had long been engaged in the active practice of the law, and these testified that a fair and reason-

98

able compensation would be much less than seven thousand dollars.

After reading the record and from that being familiar with the amount of the services rendered, and giving consideration to the views of the attorneys who testified on the respective sides, we are of the view that, while the allowance may be liberal, it is not such an amount as to show that the executrix and the executor had not faithfully executed their trust, and it is only in such a case that the superior court is authorized to take jurisdiction, in the exercise of its discretion. Here, as already appears, the superior court refused to exercise its discretion and take jurisdiction.

It is said, however, that the superior court based its ruling, in part at least, upon an unsound ground. This may be admitted, but the fact that the court may have given a wrong reason for its decision does not justify a reversal of the order, since we have found, after a consideration of the record, that the executrix and the executor did not fail to execute the trust faithfully.

The order appealed from will be affirmed.

MILLARD, C. J., STEINERT, and GERAGHTY, JJ., concur.

BLAKE, J. (dissenting)—In view of the value of the estate and the extent of the services rendered, I think the fees allowed by the executors to themselves and their attorneys are exorbitant. I dissent.